## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHERIE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:22-CV-00864-MN |
| | ) | |
| THE DEPARTMENT OF SERVICES | ) | |
| FOR CHILDREN, YOUTH AND THEIR | ) | |
| FAMILIES, and ERIC V. BORDLEY, in | ) | |
| his individual capacity, and ANDREW C. | ) | |
| DOWELL, in his individual capacity, and | ) | |
| AMANDA COKER, in her individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS

**THE POLIQUIN FIRM LLC**

Ronald G. Poliquin (#4447)
1475 South Governors Avenue
Dover, DE 19904
302-702-5500
*Attorney for Plaintiff*

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

Kenneth L. Wan (#5667)
Julia Mayer (#6439)
Victoria R. Sweeney (#6586)
Deputy Attorneys General
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
*Attorneys for Defendants*

**TABLE OF CONTENTS**

I.      INTRODUCTION..........................................................................................................1

II.     OVERVIEW OF THE CASE.......................................................................................2

III.    DUTY OF THE JURY .................................................................................................2

IV.     EVIDENCE...................................................................................................................3

V.      DEPOSITION TESTIMONY .....................................................................................5

VI.     CREDIBILITY OF WITNESSES..............................................................................6

VII.    BURDEN OF PROOF..................................................................................................7

VIII.   CONDUCT OF THE JURY........................................................................................8

IX.     BENCH CONFERENCES .........................................................................................10

X.      COURSE OF THE TRIAL........................................................................................11

XI.     TRIAL SCHEDULE ..................................................................................................12

## I.      <u>INTRODUCTION</u>

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions are intended to assist you in discharging your duties as jurors and to introduce you to the case and the law that you will apply to the evidence that you will hear.  I will give you more detailed instructions on the law at the end of the trial.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts.  You will have to decide what happened. I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions.  You must follow that law whether you agree with it or not.

## II.   OVERVIEW OF THE CASE

At this time, I will give you a brief overview of who the parties are and their positions in this case.

The Plaintiff is Cherie Jackson, a former employee of the Delaware Department of Services for Children, Youth, and their Families

The Defendants are The Defendants are Delaware Department of Services for Children, Youth, and their Families, Eric V. Bordley, Andrew C. Dowell, and Amanda Coker.

## III.   DUTY OF THE JURY

It will be your duty to find from the evidence as presented at the trial what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts as you find them to the law. I will instruct you on the law in more detail after all the evidence has been presented.  You must follow the law and my instructions whether you agree with them or not.

 It is important that you perform these duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.

## IV.   EVIDENCE

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;

2. Documents and other things received as exhibits;

3. Any facts that are stipulated--that is, formally agreed to by the parties; and

4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;

2. Objections by lawyers.

3. Any testimony I tell you to disregard; and

4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make

3

objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.   Do not speculate about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence."  An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence.  "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in  the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

## V.    <u>DEPOSITION TESTIMONY</u>

You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

## VI.   <u>CREDIBILITY OF WITNESSES</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

6

## VII.  **BURDEN OF PROOF**

This is a civil case. Plaintiff is the party who brought this lawsuit. Defendants are the party against whom the lawsuit was filed. Plaintiff has the burden of proving her case by what is called the preponderance of the evidence.  That means Plaintiff has to prove to you, in light of all the evidence, that what she claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on her side.  If Plaintiff fails to meet this burden, the verdict must be for  [defendant]. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendants has the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendant has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

7

## VIII. <u>CONDUCT OF THE JURY</u>

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or investigate the case on your own.  Let me elaborate. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, or the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials (in print, electronic, or other format) or search websites or blogs on the internet. Also, again, should there happen to be a newspaper article, internet article, or television or radio report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the courtroom.  Please do not try to find out information from any other sources.

I know that many of you use cell phones, iPhones or other smartphones, iPads or other tablets, and any other forms of technology. You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cellphone or smartphone, through e-mail, your tablet, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites, including but not limited to Facebook, Twitter, Instagram, LinkedIn, and YouTube.

Finally, do not reach any conclusion as to the claims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes in the notebooks provided to you. If you do take notes, leave them in the jury room when you leave at night.  Remember that these notebooks are for your own personal use—they are not to be given or read to anyone else. A word of caution is in order. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony that is considered unimportant at the time presented and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  You should not assume that the transcripts of this testimony will be available for your review during your deliberations. I do not suggest that you look to your note taking as a substitute for that written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberation.

## IX.  BENCH CONFERENCES

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctlyunder the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are conferring at the bench, you should feel free to do so.

I may not always grant an attorney's request for a bench conference. Do not consider any granting or denying a request for a conference as an indication of my opinion of the case or of what your verdict should be.

### X.    COURSE OF THE TRIAL

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors.  The remaining stages are:

– These preliminary instructions to you;

– Opening statements, which are not evidence, but are intended to explain to you what each side intends to prove and are offered to help you follow the evidence;

– The presentation of the evidence, which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

– The closing arguments of the attorneys, which again are not evidence, but will be offered to help you make your determination;

– My final instructions on the law to you; and finally,

– Your deliberations, where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

11

## XI.   TRIAL SCHEDULE

Though you have heard this before, I want to again outline the schedule I will maintain during the course of this trial.

As mentioned previously, once trial begins, this case is expected to take up to three business days to try, between now and March 8, 2024.

The trial will normally begin each day at 9:00 A.M, will go until around 12:30 P.M., whenthere will be about a forty-five-minute break for lunch before continuing until 4:30 or 4:45 P.M. There will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I need to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

This is a timed trial. That means that I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that the case is expected to be completed by Friday.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.