## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHERIE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 1:22-CV-00864-MN |
| | ) |
| THE DEPARTMENT OF SERVICES | ) |
| FOR CHILDREN, YOUTH AND THEIR | ) |
| FAMILIES, and ERIC V. BORDLEY, in | ) |
| his individual capacity, and ANDREW C. | ) |
| DOWELL, in his individual capacity, and | ) |
| AMANDA COKER, in her individual | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## JOINT [PROPOSED] FINAL JURY INSTRUCTIONS

**THE POLIQUIN FIRM LLC**

Ronald G. Poliquin (#4447)
1475 South Governors Avenue
Dover, DE 19904
302-702-5500
*Attorney for Plaintiff*

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

Kenneth L. Wan (#5667)
Julia Mayer (#6439)
Victoria R. Sweeney (#6586)
Deputy Attorneys General
Carvel State Office Building
820 N. French St., 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
*Attorneys for Defendants*

1

**TABLE OF CONTENTS**

1.   Introduction ................................................................................................... 4

2.   Province Of The Court And Jury ....................................................................... 5

3.   Burden Of Proof............................................................................................... 7

4.   Nature Of The Claim: Title Vii Claim Against State Of Department Of
Services For Children, Youth, And Their Families .................................................. 8

5.   Harassment - Hostile Work Environment – No Tangible Employment  Action  9

Hostile Or Abusive Work Environment ................................................................. 11

6.   Nature Of The Secton 1983 Civil Rights Claim Against Defendants Eric V.
Bordley, Amanda Coker And Andrew Dowell........................................................ 13

7.   Section 1983 Introductory Instruction ............................................................ 14

8.   Section 1983 Elements Of Claim: Employment Discrimination - Retaliation -
First Amendement Against Eric Bordley, Amanda Coker, And Andrew Dowell .. 15

9.   Section 1983 – Action Under Color Of State Law – Not In Dispute .............. 17

10.   Compensatory Damages - General Instruction................................................ 18

11.   Nominal Damages........................................................................................... 20

12.   Punitive Damages ........................................................................................... 21

13.   Effect Of Instructions As To Damages........................................................... 24

14.   Evidence ......................................................................................................... 25

15.   Consideration Of Evidence............................................................................. 26

16.   Direct And Circumstantial Evidence .............................................................. 27

17.   Statements Of Counsel ................................................................................... 28

18.   Objections To Rulings On Evidence ............................................................... 29

19.   Use Of Notes................................................................................................... 30

20.   Credibility Of Witnesses ................................................................................ 31

21.   Deposition Testimony..................................................................................... 32

22.   Sympathy ........................................................................................................ 33

23.   Ending Instructions ........................................................................................ 34

24.   Final Deliberations.......................................................................................... 35

25.   Unanimous Verdict ......................................................................................... 36

26. Duty To Deliberate ......................................................................................... 37

27. Social Media .................................................................................................... 38

28. Court Has No Opinion .................................................................................... 39

## 1.    <u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then I will explain the positions of the parties and the law you will apply in this case.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen carefully to everything I have to say.

## 2.      PROVINCE OF THE COURT AND JURY

I have instructions for your guidance as jurors in this case.

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.  Each of you has been provided a copy of these instructions.  You may read along as I deliver them if you prefer, however, I would encourage you to focus your attention on me while the instructions are being read.  You will be able to take your copies with you into your deliberations and refer to them at that time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.  I will explain the positions of the parties and the law you will apply in this case.  Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.  Please listen very carefully to everything I say.

Members of the Jury, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing I have said or done during this trial was meant to influence your decisions about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendants are liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you

personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

### 3.    <u>BURDEN OF PROOF</u>

This is a civil case.  The Plaintiff, Cherie Jackson, is the party who brought this lawsuit. The Defendants, the Delaware Department of Services for Children, Youth, and their Families, Eric V. Bordley, Andrew C. Dowell and Amanda Coker, is the party against whom the lawsuit was filed against.  Ms. Jackson has the burden of proving her case by what is called the preponderance of the evidence.  That means Ms. Jackson has to prove to you, in light of all the evidence, that what she claims is more likely so than not.  To say it differently:  if you were to put the evidence favorable to Ms. Jackson and the evidence favorable to the Defendants on opposite sides of the scales, Ms. Jackson would have to make the scale tip somewhat on her side. If Ms. Jackson fails to meet this burden, the verdict must be for the Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."  That is a stricter standard of proof and it applies only to criminal cases.  It does not apply in civil cases such as this. So you should put it out of your mind.

4.    **NATURE OF THE CLAIM: TITLE VII CLAIM AGAINST STATE OF DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH, AND THEIR FAMILIES**

In this case the Plaintiff Cherie Jackson makes a claim under a Federal Civil Rights statute that prohibits employers from discriminating against an employee in the terms and conditions of employment because of the employee's race, color, religion, sex (including sexual orientation or transgender status), or national origin. More specifically, plaintiff Cherie Jackson claims that she was subjected to a Hostile Work Environment by Defendant Delaware Department of Services for Children, Youth, and their Families, because of her race and religion. Defendant Delaware Department of Services for Children, Youth, and their Families denies that plaintiff Jackson was discriminated against in any way, and denies that Plaintiff was subjected to a Hostile Work Environment.

I will now instruct you more fully on the issues you must address in this case.

5.    **HARASSMENT - HOSTILE WORK ENVIRONMENT – NO TANGIBLE EMPLOYMENT   ACTION**

Ms. Jackson claims that she was subjected to harassment by agents of Defendant, including by not limited to, Eric V. Bordley, Amanda Coker, Andrew  Dowell, Dawn Rowe-Ortiz, Hector Ortiz, Gabby Cooper, Tamiesha Brown, and Rynesha Thomas, and that this harassment was motivated by her race and/or Ms. Jackson's status as an atheist.

The Department of Services for Children, Youth, and their Families is liable for the actions of agents of Defendant, including by not limited to, Eric V. Bordley, Amanda Coker, Andrew Dowell, Dawn Rowe-Ortiz, Hector Ortiz, Gabby Cooper, Tamiesha Brown, and Rynesha Thomas, in Ms. Jackson's claim of harassment if Ms. Jackson proves all of the following elements by a preponderance of the evidence:

First:   Ms. Jackson was subjected to demeaning conduct and language of agents of Defendant, including by not limited to, by Eric V. Bordley, Amanda Coker, Andrew  Dowell, Dawn Rowe-Ortiz, Hector Ortiz, Gabby Cooper, Tamiesha Brown, and Rynesha Thomas.

Second:  the conduct was not welcomed by Ms. Jackson.

Third: The harassing conduct was motivated by the fact that Ms. Jackson is white and/or an atheist.

Fourth: The conduct was so severe or pervasive that a reasonable person in Ms. Jackson's position would find Ms. Jackson's work environment to be hostile or abusive. This element requires you to look at the evidence from the point of view of a reasonable employee's reaction to the alleged hostile work environment.

Fifth: Ms. Jackson believed her work environment to be hostile or abusive as a result of the conduct of these individuals.

Sixth: Management level employees knew, or should have known, of the abusive conduct and failed to take prompt and adequate remedial action. Management level employees should have known of the abusive conduct if 1)  an employee provided management level personnel with

9

enough information to raise a probability of [protected class] harassment in the mind of a reasonable employer, or if 2) the harassment was so pervasive and open that a reasonable employer would have had to be aware of it.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for the Delaware Department of Services for Children, Youth, and their Families and you need not proceed further in considering this claim.

## HOSTILE OR ABUSIVE WORK ENVIRONMENT

In determining whether a work environment is "hostile" you must look at all of the circumstances, which may include:

- The total physical environment of Ms. Jackson's work.

- The degree and type of language and insult that filled the environment before and after Ms. Jackson arrived.

- The reasonable expectations of Ms. Jackson upon entering the environment.

- The frequency of offensive conduct.

- The severity of the conduct.

- The effect of the working environment on Ms. Jackson's mental and emotional well-being.

- Whether the conduct was unwelcome, that is, conduct Ms. Jackson regarded as unwanted or unpleasant.

- Whether the conduct was pervasive.

- Whether the conduct was directed toward Ms. Jackson.

- Whether the conduct was physically threatening or humiliating.

- Whether the conduct was merely a tasteless remark.

- Whether the conduct unreasonably interfered with Ms. Jackson's work performance.

Conduct that amounts only to ordinary socializing in the workplace, such as occasional horseplay, occasional use of abusive language, tasteless jokes, and occasional teasing, does not constitute an abusive or hostile work environment. A hostile work environment can be found only if there is extreme conduct amounting to a material change in the terms and conditions of employment. Moreover, isolated incidents, unless extremely serious, will not amount to a hostile

work environment.

It is not enough that the work environment was generally harsh, unfriendly, unpleasant, crude or vulgar to all employees. In order to find a hostile work environment, you must find that Ms. Jackson was harassed because of her race and or status as an atheist. The harassing conduct may, but need not be racial and/or religious in nature. Rather, its defining characteristic is that the harassment complained of is linked to the victim's race and/or religion. The key question is whether Ms. Jackson, as a white person and/or atheist, was subjected to harsh employment conditions to which blacks and/or believers in God were not.

It is important to understand that, in determining whether a hostile work environment existed at The Delaware Department of Services for Children, Youth, and their Families, you must consider the evidence from the perspective of a reasonable white person and/or atheist in the same position. That is, you must determine whether a reasonable atheist and/or white employee would have been offended or harmed by the conduct  in question. You must determine whether the objectively classified the behavior that would seriously affect the psychological or emotional well-being of a reasonable atheist and/or white employee. The reasonable atheist and/or white employee is simply one of normal sensitivity and emotional makeup.

6.  **NATURE OF THE SECTON 1983 CIVIL RIGHTS CLAIM AGAINST
    DEFENDANTS ERIC V. BORDLEY, AMANDA COKER AND ANDREW
    DOWELL**

The First Amendment to the United States Constitution gives persons a right to freedom of speech. Government employees like plaintiff Cherie Jackson have a limited right to engage in free speech on matters of public importance, and government employers must not retaliate against their employees for exercising this right.

In this case plaintiff Cherie Jackson claims that her support of President Donald Trump was protected free speech and that defendants Bordley, Coker, and Dowell retaliated against plaintiff Jackson for that free speech by creating and allowing a hostile work environment against Plaintiff, barring her from wearing facemasks depicting the American Flag.

## 7.    SECTION 1983 INTRODUCTORY INSTRUCTION

Plaintiff Cherie Jackson is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional statutory rights under color of state law.

**8.   SECTION 1983 ELEMENTS OF CLAIM: EMPLOYMENT DISCRIMINATION - RETALIATION - FIRST AMENDEMENT AGAINST ERIC BORDLEY, AMANDA COKER, AND ANDREW DOWELL**

It is my duty to instruct you on whether plaintiff Jackson engaged in activity that was protected by the First Amendment.  In this case, I instruct you that the following activity was protected by the First Amendment:

Plaintiff Jackson's support of President Donald Trump

In order for plaintiff Jackson to recover on this claim against defendants, plaintiff Jackson must prove both of the following by a preponderance of the evidence: that after plaintiff Jackson openly expressed her support for President Donald Trump she was subject to a retaliatory hostile work environment that would motivate a reasonable person not to engage in the described First Amendment speech. In addition, Plaintiff Jackson was retaliated against when she was instructed not to wear an American flag masks. She was also retaliated by not being allowed to work certain shifts.

In the rest of this instruction, I will refer to these events as "plaintiff Jackson's protected activity."

In order for plaintiff Jackson to recover on this claim against defendant Bordley, Coker, and Dowell, plaintiff Jackson must prove both of the following by a preponderance of the evidence:

First: defendants Bordley, Coker, and Dowell subjected  plaintiff Jackson to a retaliatory hostile work environment, barred plaintiff Jackson from taking certain shifts, and prohibited plaintiff Jackson from wearing clothing that supported law enforcement and military (including American flag pins) and

Second: Plaintiff Jackson' protected activity was a motivating factor in Bordley, Coker, and Dowell's actions.

In showing that plaintiff Jackson's protected activity was a motivating factor for defendants Bordley, Coker, and Dowell's actions, plaintiff Jackson is not required to prove that her protected activity was the sole motivation or even the primary motivation for defendants Bordley, Coker, and Dowell's actions.   Plaintiff Jackson need only prove that her protected activity played a motivating part in defendants Bordley, Coker, and Dowell's actions even though other factors may also have motivated defendants Bordley, Coker, and Dowell. Plaintiff Jackson could make this showing in a number of ways.   The timing of events can be relevant, for example if defendants Bordley, Coker, and Dowell's actions followed very shortly after defendants became aware of plaintiff Jackson's protected activity.   However, a more extended passage of time does not necessarily rule out a finding that plaintiff Jackson's protected activity was a motivating factor. For instance, you may also consider any antagonism shown toward plaintiff Jackson or any change in demeanor toward plaintiff Jackson.

## 9.   SECTION 1983 – ACTION UNDER COLOR OF STATE LAW – NOT IN DISPUTE

Because Defendants Bordley, Coker, and Dowell were officials of the State of Delaware, The Department of Services for Children, Youth and their Families, at the relevant time, I instruct you that they were acting under color of state law.  In other words, this element of plaintiff's claim is not in dispute, and you must find that this element has been established.

10. **COMPENSATORY DAMAGES - GENERAL INSTRUCTION**

I am now going to instruct you on damages.   Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendants should be held liable.

If you find by a preponderance of the evidence that the defendants either intentionally discriminated or retaliated against Ms. Jackson by subjecting her to a hostile work environment, then you must consider the issue of compensatory damages.   You must award Ms. Jackson an amount that will fairly compensate her for any injury she actually sustained as a result of the defendants' conduct. The damages that you award must be fair compensation, no more and no less. The award of compensatory damages is meant to put Ms. Jackson in the position she would have occupied if the discrimination had not occurred. Ms. Jackson has the burden of proving damages by a preponderance of the evidence.

Ms. Jackson must show that the injury would not have occurred without the defendants' actions. Ms. Jackson must also show that the defendants' played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the defendants' acts. This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether the defendants' actions or omissions were motivated by discrimination and/or retaliation. In other words, even assuming that the defendants' actions or omissions were motivated by discrimination, Ms. Jackson is not entitled to damages for an injury unless defendants' discriminatory actions or omissions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of

enjoyment of life   that Ms. Jackson experienced as a consequence of the defendants' harassment and/or retaliation against her.   No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

I instruct you that in awarding compensatory damages, you are not to award damages for the amount of wages that Ms. Jackson would have earned, either in the past or in the future, if she had continued in employment with the defendants.

**11.**     **NOMINAL DAMAGES**

If you return a verdict for plaintiff Jackson but plaintiff Jackson has failed to prove actual injury and therefore is not entitled to compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she no actual injury.  Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

## 12.    PUNITIVE DAMAGES

In addition to compensatory or nominal damages, you may consider awarding Plaintiff punitive damages.  A jury may award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

You may only award punitive damages if you find that Defendants acted maliciously or wantonly in violating Plaintiff's federally protected rights. In this case there are multiple defendants for this claim.  You must make a separate determination whether each defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff. A defendant is malicious when he or she consciously desires to violate federal rights of which he or she is aware, or when he or she consciously desires to injure the plaintiff in a manner he or she knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Defendants acted maliciously or wantonly in violating Ms. Jackson's federal rights, then you may award punitive damages against that defendant.  However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages

unless you have found that the defendant in question acted maliciously or wantonly in violating Plaintiff's federal rights.

If you have found that the defendant in question acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish that defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent any defendant from again performing any wrongful acts he or she may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those defendants may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendants should be punished for his or her wrongful conduct toward Ms. Jackson, and the degree to which an award of one sum or another will deter Defendants from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether the particular defendants engaged in repeated misconduct, or a single act. You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish the particular defendant, you should only punish Defendants for harming Plaintiff, and not for harming people other than Plaintiff.

**13.**     **<u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>**

The fact that I have instructed you about the proper measure of damages should not be considered as my suggestion which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

14.   **EVIDENCE**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.  Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

.

**15.**     <u>**CONSIDERATION OF EVIDENCE**</u>

You should use your common sense in weighing the evidence. Consider it in light of youreveryday experience with people and events, and give it whatever weight you believe it deserves.If your experience tells you that certain evidence reasonably leads to a conclusion, you are free toreach that conclusion.

16.    <u>**DIRECT AND CIRCUMSTANTIAL EVIDENCE**</u>

During the preliminary instructions, I told you about "direct evidence" and "circumstantial evidence." I will now remind you what each means.

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.

If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**17.** **STATEMENTS OF COUNSEL**

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of the attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

**18.**      **<u>OBJECTIONS TO RULINGS ON EVIDENCE</u>**

Lawyers have a duty to object to evidence that they believe has not been properly offered.You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be.  If I haveoverruled an objection, you are free to consider the evidence that has been offered.

**19.** **<u>USE OF NOTES</u>**

You may have taken notes during trial to assist your memory. As I instructed you at the beginning of the case, you should use caution in consulting your notes. There is generally a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, may take on greater importance later in the trial in light of all the evidence presented. Therefore, your notes are only a tool to aid your own individual memory, and you should not compare notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial.

Above all, your memory should be the greatest asset when it comes time to deliberate and render a decision in this case.

20.   **<u>CREDIBILITY OF WITNESSES</u>**

You are the sole judges of each witness's credibility. You may believe everything a witness says, or part of it, or none of it. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he or she gave at the trial in person or by deposition testimony read to you. You have the right to distrust such witness's testimony and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

**21.** **DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony.

Deposition testimony is out of court testimony given under oath.  You should consider andweigh deposition testimony in the same way as you would the testimony of a witness who has testified in Court.

The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with evidence.

22.   **<u>SYMPATHY</u>**

Your verdict must be based solely on the evidence in the case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

23.     **<u>ENDING INSTRUCTIONS</u>**

I have now concluded the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now we will hear closing arguments from the parties.  After that, I will read you a few instructions about your deliberations and discuss the verdict form with you.

24.    **<u>FINAL DELIBERATIONS</u>**

Now that the trial is completed, let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

25.    **UNANIMOUS VERDICT**

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. I will review it with you in a moment. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in the form. Then you will all sign and date the form. You will then return to the courtroom and my deputy will read aloud your verdict.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

26.     **<u>DUTY TO DELIBERATE</u>**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that, your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.  Listen carefully to what the other jurors have to say, and then decide for yourself.

27.    **<u>SOCIAL MEDIA</u>**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smartphone, iPhone, iPad, blackberry, tablet or computer, the Internet,any Internet service, any text or instant messaging service, any Internet chat room, blog or websitesuch as Facebook, LinkedIn, YouTube, Instagram, Snapchat, or Twitter to communicate to anyoneany information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the juryroom with your fellow jurors during deliberations.

**28.**   <u>**COURT HAS NO OPINION**</u>

Let me finish by repeating something I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.